## THE INHABITANTS OF HALLOWELL v. THE INHABITANTS OF BOWDOINHAM.

The annexation of part of one town to an adjoining town, has the same effect as the incorporation of a new town, so far as regards the legal settlement of the persons resident on the territory thus annexed.

But such annexation does not transfer the settlement of any persons except those who *actually dwell and have their homes* upon the territory set off, at the time of its separation.

*Assumpsit* for the support of a pauper. In a case stated for the opinion of the Court, the parties agreed that *Betsey Watson*, the pauper, and her father, had their lawful settlement in *Litchfield* prior to and on the seventeenth day of *June* 1817; at which time, by an act of the Legislature, a portion of the territory of *Litchfield*, [including the farm on which the pauper's father had dwelt until within a *few months previous* to that day,] together with the inhabitants thereon, was annexed to *Bowdoinham*;—that said *Betsey* lived on said farm in her father's family, about nineteen years, and removed therefrom about three years before the annexation;—and that said farm was the last dwelling place and home of the pauper or her father.

*Bond*, for the plaintiffs.

By the *Stat.* 1817. *c.* 48. a part of *Litchfield* was taken off, and annexed to *Bowdoinham.* By this division and annexation *Litchfield* lost all jurisdiction over this territory, and could not afterwards derive any advantage from the land or from the services of the inhabitants who then lived or might afterwards live on it. And by the same act *Bowdoinham* acquired authority over the soil thus annexed, and the right to assess taxes upon the land and upon its occupants. *Bowdoinham* having thus succeeded *Litchfield* in the jurisdiction over the land, succeeds also to its burdens and liabilities. *Groton v. Shirley*, 7 *Mass.* 156.

The farm on which the pauper and her father had resided for at least nineteen years before the division of *Litchfield*, and on which they had their last dwelling place and home, was in the territory annexed to *Bowdoinham.* The *Stat.* 1793. *c.* 34. in the tenth mode of gaining a settlement, provides that on the division of towns, every person having a legal settlement therein, but removed therefrom at the time of such division, and not having gained a legal settlement elsewhere, shall have his legal settlement in that town wherein his former dwelling place or home shall happen to fall upon such division. The dwelling place here intended, is that from which the pauper removed out of the town. *Salem v. Hamilton*, 4 *Mass.* 679. Before the *Stat.* 1793. upon the division of a town, and the incorporation of a part of its inhabitants into a new town, the obligation to support the poor then out of its limits remained unaltered. The law in this respect is now, by that statute, for good reasons, materially changed. *Windham v. Portland*, 4 *Mass.* 384. The *tenth* mode of acquiring a settlement very clearly comprises all cases where, upon a division of towns, a new town is formed ; and where, upon such division, a part of a town is annexed to another existing town, and no new corporation is created. The principal design of this provision was to afford a remedy for the inconveniences experienced under the former law, by which the residue of a town, after the most extensive losses of territory and inhabitants by annexations to other towns, was still obliged to support all paupers returned, provided they were absent when the territory on which they had last dwelt was an-

nexed to another town. The *Stat.* 1793. establishes the settlement of the paupers in the town in which the place of their last residence happens to fall; and thus the town acquiring new territory, is made to sustain the burdens equitably incident to the acquisition.

*R. Williams*, for the defendants.

The settlement of the pauper was not transferred to *Bowdoinham* by the annexation, because she did not reside on the territory set off to that town. The statute has reference chiefly to persons, not to soil. It takes from *Litchfield* those persons who then actually resided on a certain portion of its territory, and transfers them, with the land, to *Bowdoinham.* This annexation, as it respects the legal settlement of the persons resident on the territory transferred, has the same effect as the creation of a new town. *Groton v. Shirley*, 7 *Mass.* 156. *Westbrook v. Franklin*, 15 *Mass.* 254.

MELLEN C. J. We consider this case as virtually settled by the case of *Groton v. Shirley*, 7 *Mass.* 156. It is provided in the *second* section of *Stat.* 1793. *c.* 34. that " upon *division of* " *towns or districts* every person having a legal settlement there- " in, but being *removed therefrom* at the time of such division, " and not having gained a settlement elsewhere, shall have his " legal settlement in *that town or district* wherein his former " dwelling place or home shall happen to fall upon such divi- " sion ; and when any new town or district shall be incorporat- " ed, composed of *a part of one or more old incorporated towns* or " districts, all persons legally settled in the town or towns, dis- " trict or districts, of which such new town or district is so " composed, and who shall *actually dwell and have their homes* " within the bounds of such new town or district *at the time of* " *its incorporation*, shall thereby gain legal settlements in such " *new town* or district."

The question in this case is, whether the *annexation* of a part of *Litchfield* to *Bowdoinham* by *Stat.* 1817. *c.* 48. is to be considered as a *division of a town*, or, in its effects, like the creation of a *new town*, so far as regards the settlement of paupers under the act of 1793. As the pauper in question, at the time of the annexation, was *removed* from *Litchfield ;* if the annexation is to be considered as analogous to the creation of a *new*

*town*, then her settlement is *not* in *Bowdoinham ;* if as the *division of a town,* then her settlement *is* in *Bowdoinham.*

The first paragraph of the section before quoted seems to have in view such a division of a town as shall produce *two* or *more* towns, composed of the same territory which formed the *original* town. The language is, " he shall have his settlement in *that*" new " town," &c. Again, the very term " annexation" seems to imply, and to be intended to imply something entirely different from " division." But without pursuing the inquiry in this manner, and reasoning as to the import of the terms used in the statute, we are satisfied with resting on the authority of the cases which have been adjudged as to the point in question.

In the case of *Groton v. Shirley* the counsel for the defendants attempted to distinguish the *annexation* of a *part* of one town to another, from the case of a *new* town formed out of *parcels* of two or more existing towns. But the Court decided that there was no ground for such distinction ; and Chief Justice *Parsons* said that the annexation of *Stow-leg* (being part of *Stow*) to *Shirley,* must, for the purposes of the statute, be considered as having the same effect as the making of a new town out of *Shirley* and *Stow.* By this expression the Chief Justice may and perhaps should be understood to mean that *such* an annexation, must, for the purposes of the statute, have the same effect as the creation of a new town out of *Stow-leg* and a part of *Shirley,* as mentioned in the foregoing extract from the Statute of 1793.

In the case of *Great Barrington v. Lancaster,* 14 *Mass.* 253. the same principle is recognized, and the same definition is given to the term " annexation,"—and the same effects are produced by it. Chief Justice *Parker,* delivering the opinion of the Court, observes, " The pauper's original settlement was in *Lancaster. On the annexation* of that part of *Lancaster where the father dwelt,* to *Shrewsbury,* his settlement was transferred to the *latter* town."

Upon this view of the subject,—annexation operating like the *creation* of a *new* town as already explained, and not as a division of an *old* one ;—and the pauper not dwelling and having her home on the annexed part at the time of the annexation, her settlement is not in *Bowdoinham,* as the plaintiffs have contended.                                            *Plaintiffs nonsuit.*